# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| RICHARD PATTON, JR., ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No.: 1:17-cv-08009-VEH |
| ) | (7:11-cr-289-VEH-HGD) |
| UNITED STATES OR AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM OPINION

Now pending before the Court is the motion ("Petition") filed by Richard Patton, Jr. ("Petitioner" or "Patton") seeking to vacate his sentence and to have him released from federal custody. For the reasons stated below, the Petition is **DISMISSED as denied**.

### I. PROCEDURAL HISTORY AND BACKGROUND

#### A. **The Petition**

The Petition was filed on March 17, 2017.[1] (Doc. 2). The Court has also

---

[1] The document was signed by the movant on March 13, 2017, but it contains no statement about when it was placed in the prison mail; therefore the "prison mailbox" rule does not apply. In any event, applying the prison mailbox rule would have no impact on whether or not movant's motion was timely, as his judgment of conviction was imposed on January 19, 2012, he took no appeal, and therefore his judgment became final 14 days later, on February 2, 2012.

received and reviewed Patton's other filings (Docs. 3, 5, 6, and 7). As originally filed, the Petition was mischaracterized by Patton as brought under 22 U.S.C. § 2241. Accordingly, on April 3, 2017, the Court gave Patton a *Castro* notice,[2] stating:

> **Specifically, the undersigned hereby notifies the movant that this Court will construe his motion (doc. 2) as supplemented by his notice (doc. 3) as a motion to vacate brought pursuant to 28 U.S.C. § 2255 unless, no later than May 1, 2017, the movant withdraws all motions challenging his federal sentence. Any amendment to or supplementation of the movant's pleadings (docs. 2 and 3) is also due no later than May 1, 2017. Finally, movant alternatively shall have until May 1, 2017, to contest this "recharacterization". The movant is hereby expressly "warned" that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions.**

(Doc. 4 at 3).

On April 17, 2017, Patton replied to the Order by filing his Reply. (Doc. 6). In that Reply, he stated "I recharacterize my 28 USCS [sic] I'm filing a 28 USCS [sic] 2255 My supplement [sic] motion is included with this letter." (*Id*. at 1).

### B. The Underlying Criminal Conviction

On September 28, 2011, pursuant to a written plea agreement (Crim. Doc.

---

[2] Order, doc. 4.

11)[3], Patton plead guilty to one count of Bank Robbery, in violation of Title 18, United States Code, Section 2113(a) and (d) (Count One); and to one count of brandishing a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Section 924(c) (Count Two). On January 19, 2012, this Court sentenced Patton to the custody of the Bureau of Prisons for a term of 78 months as to Count One and a term of 84 months as to Count Two, with the term imposed for Count Two to run consecutive to the term imposed for Count One. (Crim. Doc. 19).

Patton did not appeal his conviction or sentence. Accordingly, his judgment of conviction became final fourteen days later, on February 2, 2012. This is the first motion/petition under 28 U.S.C. § 2255 filed by Patton as to his sentence for the underlying criminal conviction.

## II. STANDARD OF REVIEW

Following conviction and sentencing, 28 U.S.C. § 2255 allows a federal prisoner to file a motion/petition in the sentencing court "to vacate, set aside or correct the sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

---

[3] References to documents filed in the underlying criminal case (*United States v. Patton*, 7:11-cr-289-VEH-HGD, hereinafter the "underlying criminal case") are identified as "Crim. Doc.".

3

jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To obtain relief under § 2255, a petitioner must: (1) file a non-successive petition or obtain an order from the Eleventh Circuit authorizing a district court to consider a successive § 2255 motion, 28 U.S.C. § 2255(h), § 2255 Rule 9; (2) file the motion in the court where the conviction or sentence was received, *see Partee v. Attorney Gen. of Ga.*, 451 F. App'x 856 (11th Cir. 2012); (3) file the petition within the one-year statute of limitations, 28 U.S.C. § 2255(f); (4) be "in custody" at the time of filing the petition, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); (5) state a viable claim for relief under the heightened pleading standards of § 2255 Rule 2(b), *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); and (6) swear or verify the petition pursuant to 28 U.S.C. § 1746. Finally, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*.

## III. ANALYSIS

The sole bases for Patton's challenge are that this Court was not established pursuant to Article III of the United States Constitution, the undersigned accordingly is not an "Article III judge," and therefore he is being held in custody in violation of his Constitutional rights. Because Patton's entire factual premise is wrong, his argument fails.

### A. Article III Courts

It appears that Patton thinks that only the United States Supreme Court and the courts of the District of Columbia are Article III courts. He concludes that, since this Court sits in the Northern District of Alabama (and is neither the United States Supreme Court nor a court of the District of Columbia), it must be a territorial or Article I court.

Patton's arguments are based on Article III, Section 1 of the United States Constitution, which provides: "The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." U.S. CONST. art. III, § 1. Patton disputes that Congress has established the United States District Courts under that Article and Section and, accordingly, disputes that the United States District Courts are "Article III courts" and that judges (such as the undersigned) who are appointed

United States District Court judges are "Article III judges." A little history of the federal judiciary is in order.

Almost immediately after the ratification of the Constitution, Congress passed the Judiciary Act of 1789.[4] In that Act,

> Congress proceeded to create not one set of inferior courts but two. It established for each state at least one district court, and it also created three circuit courts. It established judgeships for the Supreme Court and for the district courts, but not for these circuit courts. Instead, the circuit courts, which were to hold two sessions each year at each district within the circuit, were comprised of two justices of the Supreme Court and the district judge for the district.
> The district courts were entirely courts of original, or trial, jurisdiction. The Act authorized these courts to entertain admiralty cases, minor criminal cases, and some other rather limited classes of cases.

(13 FED. PRAC. & PROC. JURIS. § 3503 (3d ed.)(footnote omitted)).

Congress enacted various laws since 1789 that made changes to the organization and jurisdiction of the federal courts. Relevant to Patton's challenge to this Court's jurisdiction, Congress,

> in 1875 finally gave the lower federal courts original jurisdiction, in terms nearly identical to the constitutional grant, to cases arising under the Constitution, laws, or treaties of the United States.[FN9] Thus for the first time Congress conferred general federal question jurisdiction, although in prior years particular statutes had authorized jurisdiction in specific classes of federal question cases.

---

[4] Act of Sept. 24, 1789, 1 Stat. 73.

(FN9. Act of March 3, 1875, 18 Stat. 470).

(*Id*. § 3504).

In 1891, Congress radically reshaped the federal judiciary by adopting the Evarts Act. Act of March 3, 1891, 26 Stat. 826.

> This statute created for each circuit a circuit court of appeals, and authorized the appointment of an additional circuit judge for each circuit. The new circuit court of appeals was to consist of three judges, the two circuit judges and either a justice of the Supreme Court or one of the district judges from within the circuit. \*\*\*
>
> The Evarts Act retained both the district courts and the circuit courts as courts of original jurisdiction, but abolished the appellate jurisdiction of the circuit courts. Thus there were still two trial courts, with varying jurisdiction, but appeal from each was either to the new circuit court of appeals or to the Supreme Court.

(*Id*.)(footnote omitted).

> The Judicial Code of 1911 [FN13] finally abolished the circuit courts. A source of complaint and controversy from their establishment in 1789, they had been quite unnecessary since the adoption of the Evarts Act in 1891. In 1911 their original jurisdiction was transferred to the district courts.
>
> (FN13)(Act of March 3, 1911, 36 Stat. 1087).

(*Id*.).

As a result of these Acts of Congress pursuant to Article III, the United States District Courts of the United States of America have had plenary jurisdiction over federal criminal cases since 1911. This Court is one of those

United States District Courts and the undersigned is a judge of this Court.

## B. Statute of Limitations Applicable to Proceedings Under § 2255

The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996, and, pertinent to this case, added a new subdivision to 28 U.S.C. 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000), *cert. denied*, 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000).

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2255(f).

Patton makes no argument, and presents no facts, in favor of the Court's

application of subsections (2), (3), or (4) of 2255(f). Thus, the timeliness of his Petition is calculated under 2255(f)(1); that is, it is based upon the date on which Patton's judgment of conviction became final. In this case, the Judgment of Conviction was entered on January 19, 2012. It became final 14 days later, on February 2, 2012, when his time to appeal expired without any direct appeal having been filed. FED. R. APP. P. 4(b). He therefore had until February 4, 2013,[5] to file the Petition.[6] It is untimely by more than four years.

Further, Patton has not alleged any facts that would show he is entitled to have the statute of limitations tolled. Rather, he relies on his argument that this Court is not an Article III court, therefore 28 U.S.C. § 2255 does not apply to him because he is not "under sentence of a court established by Act of Congress." (Doc. 6 at 2). Having rejected Patton's argument that this is not an Article III court, this Court accordingly finds that the Petition is due to be **DISMISSED** as untimely.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing 2255 Proceedings, the court

---

[5] One year from the date of *Johnson* occurred on February 2, 2013. However, because February 2, 2013, fell on a Saturday, the deadline for Petitioner's motion was extended to February 4, 2013. *See* FED. R. CIV. P. 6(a)(1)(C); FED. R. CRIM. P. 45(a)(1)(C).

[6] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

finds that a certificate of appealability in this case is not well-founded, and any application for one is due to be denied. 28 U.S.C. foll. 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). Where, as here, a habeas petition is being denied in its entirety on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S .Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Given the applicability of the one-year limitations period in this case, a reasonable jurist could not conclude that this Court is in error for dismissing Patton's motion to vacate, nor could a reasonable jurist conclude that Patton should be allowed to proceed further with respect to his claims. *Id*., 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain

procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the Patton should be allowed to proceed further."). Accordingly, Patton is not entitled to a certificate of appealability.

## V. Conclusion

Having determined that this Court is a court established by Congress pursuant to Article III of the United States Constitution, the Court finds that:

1. Patton is in federal custody.

2. He seeks release from custody and accordingly his remedy, if any, is determined under 28 U.S.C. § 2255.

3. His Petition is time-barred and due to be dismissed.

4. Patton is not entitled to a Certificate of Appealability.

An appropriate Order will be entered.

**DONE** this the 14th day of June, 2017.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge